IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Civil No. 12-290 Erie |
| | ) | Criminal No. 10-56 Erie |
| | ) | Judge Sean J. McLaughlin |
| v. | ) | |
| | ) | |
| MIKE BEAULIEU, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Mike Beaulieu's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] [Dkt. 37]. In 37]. In his *pro se* Section 2255 motion, Defendant primarily asserts that his attorney attorney induced him to plead guilty by promising him that he would receive a sentence of only 37 months incarceration. The government responds that Defendant has waived his right to file a motion collaterally attacking his sentence. For the reasons which follow, Defendant's motion is denied.

**I. BACKGROUND**

On September 14, 2010, a federal grand jury returned an indictment charging

---

1 Also before the Court is a document styled an "Emergency Motion for Clarification, and Immediate Release Pursuant to 18 U.S.C. § 3583." [Dkt. 36]. This motion will be separately addressed *infra*.

1

charging Defendant with aggravated sexual abuse, kidnapping, using and carrying a carrying a firearm during a crime of violence, and possession of a firearm by a convicted felon. On March 21, 2012, Defendant pleaded guilty to Count Two (kidnapping) and Count Four (using and carrying a firearm during a crime of violence) pursuant to a written plea agreement. Paragraph 6 of the plea agreement agreement contained the following waiver provision:

> MIKE BEAULIEU waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, MIKE BEAULIEU may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, MIKE BEAULIEU may take a direct appeal from the sentence.
>
> MIKE BEAULIEU further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

(Plea Agreement, ¶ 6).

A change of plea hearing was held on March 21, 2012. At the hearing, counsel for the government described the salient provisions of the plea agreement, agreement, including the appellate and collateral attack waiver provision.

2

(Transcript, March 12, 2012, at 12-14). The Court then directly addressed Defendant to determine whether he had read and understood the plea agreement, had reviewed it with counsel, had expressed any questions or concerns with the plea agreement to counsel, and had agreed to the terms therein by signing the plea agreement. (Transcript, March 12, 2012, at 15-16). Defendant answered each question in the affirmative. (Id. at 16). The Court then directly questioned Defendant concerning the waiver provision contained in the plea agreement:

> The Court: Do you also understand, Mr. Beaulieu, that for all intents and purposes by virtue of your plea agreement, you have waived any right to appeal, except if the sentence I impose would exceed a statutory maximum, I can assure you it will not, or it unreasonably exceeds the guideline range, I can also assure you it will not, or if the government chose to appeal. Do you also understand that in addition to waiving your right to take a direct appeal, you've also waived your right to collaterally attack any aspect of these proceedings via a Habeas Corpus petition; do you understand that?
>
> Defendant: Yes, sir.

(Id. at 16). The Court also questioned Defendant concerning whether he had been promised anything outside of the contents of the plea agreement as an inducement to plead guilty and whether he had been promised any particular sentence:

3

| | |
|---|---|
| The Court: | Now, has anybody made any promise to you, other than the plea agreement, that has caused you to plead guilty today? |
| Defendant: | No, sir. |

      \*    \*    \*    \*    \*    \*    \*    \*

| | |
|---|---|
| The Court: | Do you understand that if the sentence is more severe than you expected, you will still be bound by your guilty plea and you'll have no right to withdraw it? |
| Defendant: | Yes, sir. |
| The Court: | Except for your discussions with Mr. Patton about the Sentencing Guidelines, has anyone made any prediction or promise to you about what your sentence will be? |
| Defendant: | No, sir. |
| The Court: | Has anything that I've said here today suggested to you what your actual sentence will be? |
| Defendant: | No, sir. |
| The Court: | Have you been instructed by your counsel, by government counsel, or by anybody else to respond untruthfully to any question about a promised sentence? |
| Defendant: | No, sir. |

(Id. at 16, 19-20). The government then summarized the extensive and overwhelming evidence against Defendant, including, *inter alia*, the rape victim's proposed testimony, Defendant's confession, and the existence of DNA evidence

4

linking Defendant to the rape. (Id. at 23-24). Defendant indicated that he had no no objection to the factual summary provided by the government. (Id. at 24).

Shortly thereafter, a presentence report ("PSR") was prepared wherein the probation officer calculated Defendant's total offense level at 37 and his criminal history category at VI, resulting in a recommended sentencing guideline range of 444 months to life. (Dkt. 29, Presentence Report). On August 1, 2012, this Court sentenced Beaulieu to a term of life imprisonment at Count Two and a consecutive term of seven years imprisonment at Count Four, followed by a term of 5 years of supervised release.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence sentence was imposed in violation of the Constitution or laws of the United States, or States, or that the court was without jurisdiction to impose such sentence, or that the the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. When a motion is made pursuant to pursuant to 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, discretion, the court must accept the truth of the petitioner's factual allegations

unless they are clearly frivolous on the basis of the existing record. <u>United States v. States v. Day</u>, 969 F.2d 39, 41-42 (3rd Cir. 1992). Further, the court must order an an evidentiary hearing to determine the facts unless the motion and files and records records of the case show conclusively that the petitioner is not entitled to relief. <u>Id</u>. <u>Id</u>.

Here, upon consideration of Beaulieu's petition, the government's response thereto, and the pleadings and documents of record, I conclude that no hearing is warranted because Beaulieu's claims can be entirely resolved based upon the current record.

## III. DISCUSSION

In his motion to vacate, Defendant asserts that his counsel provided ineffective assistance by allowing him to enter into a plea agreement that contained a waiver of his right to collaterally attack his sentence and by allegedly promising Defendant that he would receive a total sentence of 37 years imprisonment. Defendant indicates that he would not have pleaded guilty in the absence of counsel's allegedly deficient performance. (Motion to Vacate, Dkt. 37, at 1). The government, in response, contends that Defendant has waived his right to file the instant motion.

It is well-settled that an appellate and habeas corpus waiver provision in a

plea agreement must be enforced, if entered into voluntarily and knowingly, unless to do so would work "a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558 (3rd Cir. 2001). Thus, in order to determine whether a waiver is valid, the court must "specifically examine the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3rd Cir. 2008). The defendant has the initial "burden of presenting an argument that would render his waiver unknowing or involuntary," but the district court has "an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Mabry, 536 F.3d at 237 (citing Khattak, 273 F.3d at 563).

Defendant has provided no supporting brief or argument in support of his contention that he would not have pleaded guilty in the absence of counsel's allegedly deficient performance. However, the record contains extensive evidence from which the Court concludes that Defendant knowingly and voluntarily agreed to waive his appellate and collateral rights and plead guilty. As discussed above, Defendant was thoroughly examined by the Court and found competent to enter a plea and waive his rights. (Transcript, March 12, 2012, at 4). The language contained in Defendant's plea agreement clearly and

unequivocally states that Defendant "waive[d] the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right right to file any other collateral proceeding attacking his conviction or sentence." (Plea Agreement, ¶ 6). Moreover, consistent with Rule 11(b)(1)(N) of the Federal Federal Rules of Criminal Procedure and United States v. Goodson, 544 F.3d 529 529 (3rd Cir. 2007), Defendant was directly questioned by the Court concerning his his decision to waive his appellate and collateral attack rights. See Fed. R. Crim. P. P. 11(b)(1)(N) ("Before the court accepts a plea of guilty . . ., the defendant must be be placed under oath, and the court must address the defendant personally . . . [to] [to] inform the defendant of, and determine that the defendant understands . . ., the the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."); United States v. Corso, 549 F.3d 921, 929-31 (3rd (3rd Cir. 2008) (holding that the district court erred by not directly questioning the defendant about the waivers in a plea agreement); Goodson, 544 F.3d at 540-41 (same). In response to the Court's inquiry, Defendant clearly and affirmatively indicated that he had familiarized himself with the contents of his plea agreement, was specifically aware of the waiver provision contained therein, and understood and and agreed that he was waiving his right to file an appeal or a Section 2255 motion. motion. (Id. at 16). In sum, the evidence of record clearly demonstrates that Defendant's waiver of his right to file the instant Section 2255 motion was knowingly

knowingly and voluntarily given. See, e.g., Mabry, 536 F.3d at 241; Khattak, 273 F.3d at 558.

We also conclude that enforcement of the waiver provision in Defendant's plea agreement would not work a miscarriage of justice. It is well-settled that a miscarriage of justice occurs only where an error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Corso, 549 F.3d at 929. The Third Circuit has declined to provide an express definition for this exception, instead urging courts to utilize "a common sense approach [to] determining whether a miscarriage of justice would occur if the waiver were enforced." Mabry, 536 F.3d at 242; see also United States v. Calabretta, 385 Fed. Appx. 130, 131 (3rd Cir. 2010) (noting that the court of appeals has not precisely defined the phrase "miscarriage of justice"). Moreover, the Court has cautioned that the miscarriage of justice "exception [should] be applied sparingly and without undue generosity." United States v. Stabile, 633 F.3d 219, 247 (3rd Cir. 2011) (internal citations omitted).

Here, the lone argument advanced by Defendant in his motion is that, based based on a representation by his counsel, he believed he would only receive a sentence of 37 years incarceration if he pleaded guilty. In addition to this argument argument having been waived, it is also refuted by the record. At the change of plea plea hearing, the Court asked Defendant whether he understood that the maximum

maximum penalty for Count Two was "life imprisonment" and that the maximum penalty for Count Four ranged from "seven years" to "life imprisonment." (Transcript, (Transcript, March 12, 2012, at 12-14). Defendant indicated that he did. (Id. at 14). 14). Moreover, the Plea Agreement which Defendant signed contemplates an applicable guideline range of 444 months to life. (Id. at 15). Finally, the Court explained to Defendant that he was bound by the terms of his guilty plea even "if the the sentence is more severe than [he] expected," and Defendant indicated that he understood and agreed. (Id. at 18-19). Given the clarity of the plea colloquy and and Defendant's specific representations on the record, and consistent with the "common sense" standard set forth in Mabry, the Court readily concludes that no miscarriage of justice will occur as the result of enforcement of the waiver. See, e.g., e.g., United States v. Jones, 336 F.3d 245, 254 (3rd Cir. 2003) (counsel not ineffective for allegedly promising defendant a sentence of "no more than 71 months" where defendant was advised in open-court colloquy of potential maximum maximum sentence and there were no other promises regarding sentence); United United States v. Mustafa, 238 F.3d 485, 492 (3rd Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court court that there was no guarantee as to sentence, and that the court could sentence sentence him to the maximum."); Masciola v. United States, 469 F.2d 1057, 1059

(3rd Cir. 1972) (*per curiam*) (holding that "[a]n erroneous prediction of a sentence by by defendant's counsel does not render a guilty plea involuntary" where record demonstrates that a proper plea colloquy took place during which defendant acknowledged that he was aware of his maximum potential sentence).

Finally, Defendant has filed a document styled an "Emergency Motion for Clarification, and Immediate Release Pursuant to 18 U.S.C. § 3583" wherein he appears to argue that the imposition of a five year term of supervised release on top top of his life sentence has taken his sentence out of the applicable guideline range. range. The Third Circuit recently held that an identical motion filed by another prisoner "effectively challenged the execution of his sentence" and thereby "constituted a habeas corpus petition filed under 28 U.S.C. § 2241." United States v. States v. Moruzin, 483 Fed. Appx. 736, 737 (3rd Cir. 2012). It is axiomatic that such such petitions must be filed "in the district in which the prisoner is incarcerated at the the time he files the petition." Id. (citing Rumsfield v. Padilla, 542 U.S. 426, 442-43 442-43 (2004)). As Defendant is currently incarcerated at USP Allenwood, located located in Union County, Pennsylvania, jurisdiction for the disposition of his motion motion lies exclusively in the United States District Court for the Middle District of Pennsylvania. See Moruzin, 483 Fed. Appx. at 738 (noting that the Petitioner had had failed to file his motion in the proper district and, as such, "the District Court should have disposed of it on jurisdictional grounds instead of reaching the merits.");

11

merits."); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 443 (3rd Cir. 2005) (noting that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Accordingly, that that motion is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 12-290 Erie |
| | Criminal No. 10-56 Erie |
| vi. | Judge Sean J. McLaughlin |
| MIKE BEAULIEU, | |

**ORDER**

AND NOW, this 29th day of May, 2013, for the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is DENIED. Defendant's "Emergency Motion for Clarification, and Immediate Release Pursuant to 18 U.S.C. § 3583" is dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

                                                /s/ - Sean J. McLaughlin
                                                United States District Judge

cm: All parties of record.